UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| CAROL ANN MAURER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:12-cv-704-CAN |
| | ) | |
| SPEEDWAY #5487, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

On December 18, 2013, Plaintiff, Carol Ann Maurer ("Maurer"), filed a Motion for Court to Reconsider Its Order of December 9, 2013.  On January 3, 2014, Defendant, Speedway #5487 ("Speedway"), filed its response in opposition to Maurer's motion.  No reply was filed.  For the following reasons, the Court **DENIES** Maurer's motion.

**I.   RELEVANT BACKGROUND**

Trial in this case is scheduled for February 18, 2014.  Maurer filed her original motion for leave to add an expert witness on November 21, 2013.  On December 5, 2013, this Court scheduled a hearing on Maurer's motion.  On December 9, 2013, the Court vacated the hearing and issued its order denying Maurer's motion because the motion had failed to show good cause for allowing the addition of a new expert witness more than four months after the close of all discovery and less than three months before trial.  In addition, the Court noted that Maurer made no claim of excusable neglect for her failure to disclose the proposed expert witness in compliance with the Court's Rule 16(b) Scheduling Order.

In her instant motion for reconsideration, Maurer concedes that her counsel, Richard W. Morgan, made no showing of excusable neglect in the original motion because he "mistakenly

believed he would have been allowed to make the argument on this issue at the hearing originally scheduled on the then pending motion." Doc. No. 28 at 2. Maurer then explains that in late October or early November 2013, Morgan developed a new theory of liability that would require the use of an expert witness. Morgan, however, has not advanced the retainer to the proposed expert, an AIA architect, to avoid undue expense should the Court deny the motion to add the expert witness. As a result, the proposed expert has not inspected the premises at issue in this case or rendered any opinion. Morgan contends that denying this motion would "result in a great injustice to a severely injured Plaintiff" by preventing her from pursuing an additional theory of liability. *Id.* at 3. Morgan suggests that this injustice outweighs all other interests in this case, including the Court's obligation to ensure a speedy and inexpensive determination.

## II. ANALYSIS

Under Rule 60(b)(6), the court may relieve a party from an order for any reason justifying such relief. Justifications for reconsideration may include mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, or fraud. *See* Fed. R. Civ. P. 60(b). The Seventh Circuit has repeatedly held that motions for reconsideration serve limited functions, including correcting manifest errors of law or fact or presenting newly discovered evidence. *Publishers Res., Inc. v. Walker-Davis Publ'ns, Inc*. 762 F.2d 557, 561 (7th Cir. 1985) (quotation omitted). Simply put, motions for reconsideration are not to be used to advance arguments that the Court has already addressed and decided. *See Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1270 (7th Cir. 1996); *Stodola v. Finley & Co., Inc.*, No. 2:05-CV-464-PRC, 2008 WL 3992237, at *5 (N.D. Ind. Aug. 21, 2008).

In light of the governing Rule 60 standard, Maurer's motion here is misplaced. Maurer

has not established any manifest error of law or fact in the Court's order dated December 9, 2013.  In addition, Maurer has not presented any newly discovered evidence to the Court. Maurer and her counsel were aware of the new theory of liability when the original motion was filed, but chose not to share that information with the Court in the motion.  Moreover, Morgan's explanation that he thought he would have a chance to make the argument on this issue at the motion hearing does not constitute excusable neglect.  By choosing not to present the argument in writing in the motion, Maurer and Morgan opted to rely upon a hearing that was not scheduled on the date the motion was filed, and was not guaranteed to occur.  That intentional litigation strategy did not pay off, but cannot be considered excusable neglect.

Furthermore, Speedway would be unduly prejudiced by the addition of Maurer's proposed expert witness on the eve of trial.  Further discovery could not be avoided, which would necessarily delay the trial.  And while the Court is sensitive to Maurer's interest in justice, she has not provided evidence to sufficient to guarantee that any injustice would result.  The operative complaint does not support a new theory of liability and all the Court has at this point to assess the potential of any injustice is Morgan's conclusion that "there may be an issue with the basic construction" with the curb.  Doc. No. 28 at 2.  The potential that a new theory of liability may be viable does not outweigh Speedway's interest in a speedy trial or this Court's obligation to administer this action efficiently.

## III.    CONCLUSION

Therefore, because Maurer has not established any proper purpose or justification for a motion to reconsider under Rule 60(b), the Court **DENIES** her motion. [Doc. No. 28].  Trial will proceed on February 18, 2014.

**SO ORDERED.**

Dated this 16th day of January, 2014.

s/Christopher A. Nuechterlein
Christopher A. Nuechterlein
United States Magistrate Judge